UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VANESSA MCDONALD AS THE NATURAL TUTRIX AND ADMINISTRATOR OF THE ESTATE OF HER MINOR CHILD, JALA SHARON WILKERSON | CIVIL ACTION<br><br>NO.  13-583-SDD-SCR |

VERSUS

OFFICER JOSHUA GILLICH

## ANSWER

**NOW INTO COURT**, through undersigned counsel, comes defendant, Joshua Gillich (hereinafter referred to as "Gillich"), who for response to plaintiff's complaint denies each and every allegation contained therein except those that may be hereinafter admitted as follows.

### FIRST DEFENSE - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendant violated any of Tyris Wilkerson's ("Wilkerson") civil rights under the United States Constitution, or applicable federal law.

A violation of Wilkerson's state created civil rights or liberties does not state a claim upon which relief can be granted by this Court.

1

## SECOND DEFENSE - NO CONSTITUTIONAL DEPRIVATION OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW.

Defendant did not deprive Wilkerson of any vested liberty or property interests in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Wilkinson received all the process that was due him.

## THIRD DEFENSE - NO FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION

Defendant did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation.

In the alternative, if force was used against Wilkerson, then the only force used was that force reasonably necessary for defendant to bring Wilkerson under control in order to protect the life and safety of all others present and to maintain the security of the situation. It did not constitute any unnecessary and wanton infliction of pain.

## FOURTH DEFENSE - ABSOLUTE AND/OR QUALIFIED IMMUNITY

In the alternative, if defendant is found by the Court to have violated Wilkerson's civil rights, then defendant is immune from a judgment for damages because defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations. Defendant's conduct did not violate any clearly established constitutional or statutory rights of Wilkerson of which a reasonable person would have known. Said defendant further shows that his belief in the lawfulness of his actions was a reasonable belief and for that reason he is entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983. Further, defendant is

entitled to statutory immunity pursuant to La. R.S. 9:2798.1 with respect to any state law claims.

## FIFTH DEFENSE - COMPARATIVE FAULT

In the alternative, if defendant is found to have violated Wilkerson's rights and is not entitled to the defense of qualified immunity, then Wilkinson through intentional or negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

## SIXTH DEFENSE - FAILURE TO MITIGATE DAMAGES

The plaintiff may have failed to mitigate her damages.

## SEVENTH DEFENSE - DENIAL OF RELIEF PRAYED FOR

Plaintiff is not entitled to injunctive, declaratory, or monetary relief.

Plaintiff is not entitled to attorney fees under 42 U.S.C. 1988.

**IN FURTHER ANSWER:**

**1.**

The allegations contained in paragraphs 9, 10,11, 12, 13, 14, 17, 26, 27, 30, 34, 37, 38, 39, 40, 41, 42, 43 and 45 are denied.

**2.**

The allegations contained in paragraph 1, 2, 3, 4, 5, 6, 7, 8, 15, 16, 18, 24, 28, 35 and 36 are denied for lack of sufficient information to justify a reasonable belief therein.

**3.**

Defendant, Gillich, denies the allegations contained in paragraph 19 of the complaint as written. Gillich is a Louisiana P.O.S.T. certified law enforcement officer and has received firearms training during his career.

**4.**

Defendant, Gillich, denies the allegations contained in paragraph 20 as written. Gillich is a Louisiana P.O.S.T. certified law enforcement officer and has received firearms training during his career.

**5.**

Defendant, Gillich, denies the allegations contained in paragraph 21 as written. Gillich fired his service pistol in accordance with Louisiana law and his law enforcement training.

**6.**

Defendant, Gillich, denies the allegations contained in paragraph 22 as written. Further, it is not know what "emergency medical treatment" plaintiff alleges Gillich should have performed.

**7.**

Defendant, Gillich, denies the allegations contained in paragraph 23 as written. The incident at issue herein has been investigated by Baton Rouge Police Department personnel.

**8.**

Defendant, Gillich, denies the allegations contained in paragraph 25 as written. Baton Rouge Police Department has various policies and procedures, including the use of deadly force.

**9.**

Defendant, Gillich, denies the allegations contained in paragraph 29 as written. Baton Rouge Police Department has various policies and procedures pertaining to the detention and/or arrest of members of the public.

**10.**

Defendant, Gillich, denies the allegations contained in paragraph 31 as written. Baton Rouge Police Department policies and procedures are good and sufficient.

**11.**

Defendant, Gillich, denies the allegations contained in paragraph 32 as written. Further, it is denied that plaintiff "was not refusing any order and not resisting and trying to offer information to assist the police".

**12.**

Defendant, Gillich, denies the allegations contained in paragraph 33 as written. Further, the use of force under the totality of the circumstances of the incident at issue herein was reasonable.

**13.**

Defendant, Gillich, denies the allegations contained in paragraph 44 as written. Further, the use of force under the totality of the circumstances of the incident at issue herein was reasonable.

**14.**

Defendant specifically denies any and all relief prayed for by the plaintiff.

**15.**

Defendant is entitled to recover reasonable expenses, including reasonable attorney fees, incurred for having to defend against this suit because it has no basis in law or in fact and such would have been apparent to plaintiff upon reasonable inquiry.

**16.**

Defendant prays for trial by jury on all issues that may be tried by a jury.

**WHEREFORE**, defendant, Joshua Gillich, prays that judgment be rendered in favor of defendant, Joshua Gillich, dismissing plaintiff's complaint at his cost and awarding reasonable expenses, including attorney fees, to defendant.

                                  **By Attorneys:**
                                  **MARY E. ROPER**
                                  **Parish Attorney**

                                  /s/ James L. Hilburn
                                  **James L. Hilburn, T.A. (#20221)**
                                  **Senior Special Assistant Parish Attorney**
                                  **10500 Coursey Blvd., Suite 205**
                                  **Baton Rouge, LA 70816**
                                  **Telephone: (225) 389-8730**
                                  **Facsimile:   (225) 389-8736**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VANESSA MCDONALD AS THE NATURAL TUTRIX AND ADMINISTRATOR OF THE ESTATE OF HER MINOR CHILD, JALA SHARON WILKERSON | CIVIL ACTION<br><br>NO. 13-583-SDD-SCR |

VERSUS

OFFICER JOSHUA GILLICH

## CERTIFICATE

I hereby certify that a copy of the foregoing Answer was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this 11th day of December, 2013.

/s/ James L. Hilburn
JAMES L. HILBURN